Smith, J.
The petition of the plaintiff alleges that the city of Cincinnati is a city of the first grade of the first class, and that D. "W. Brown is the auditor of said city. That plaintiff is the' owner of lot 3, of Gaff, Beresford & Thompson’s subdivision in said city, fronting fifty feet on Beresford avenue and lying lengthwise on Gaff avenue one hundred and fifty feet. That said lot is vacant and unimproved.
That the board of legislation of the city, on November 20, 1891, passed a resolution to improve, and on February 19, 1892, passed an ordinance to improve Gaff avenue between Beresford avenue and the south line of the subdivision, in the manner pointed out in the petition, the expense thereof to be assessed per front foot upon the abutting property. That said improvement was made and the board of administration of the city passed an ordinance laying a cash assesment of ¡§3.8992 upon each foot of the abutting property, and it was laid upon each foot of plaintiff’s said lot abutting on Gaff avenue, and without reference to to the frontage of said lot as platted to front on Beresford avenue. That plaintiff’s *244 lot is assessable for a front of only fifty feet; and his assessment thereon should only have been $238.17. That he has offered to pay this sum to the city,, but it was refused. Wherefore he prays that the assessment over said sum be enjoined. The answer admits the allegations as to the assessment made, and claims that it was legal and right. That before the passage of the resolution declaring it necessary to improve the street, a petition was presented to the city, signed by the owners of property represented by the feet front abutting upon the improvement of Gaff avenue, asking for the improvement thereof, and for the assessment of the cost thereof upon their abutting property. That the petition was signed by the person then owning the property now owned by plaintiff, and that in signing the same he represented himself to be the owner of a certain number of feet front on said street, and that it had a frontage of one hundred and fifty feet on Gaff avenue. That it was on the faith of the representations so made in the petition that the resolution and ordinance to improve were passed, and the said improvement made and said assessment laid, and that said lot in fact fronts one hundred and fifty feet on Gaff avenue; and it denies the allegations of the petition not admitted.
The reply of the plaintiff denies the new matter of the answer.
It is conceded and shown that the lo't in question fronts on Beresford avenue fifty feet, and the front is not on Gaff avenue. The claim of plaintiff, therefore, that he should only be assessed for fifty feet for the improvement of Gaff avenue, under the doctrine of the Haviland case, is well founded, unless he is estopped to plead this by the act of his grantor. The petition referred to, signed by his grantor, J. D. Parker, was addressed to the board, and says: “ We, the undersigned owners of property, represented by the feet front abutting on Gaff avenue,” etc., and asked for the improvement of the street in a certain way, and “ for the assessment of the whole cost of such improvement, except two per cent, of the entire *245 cost of the improvement and the cost of intersections, to be made and collected in ten equal annual installments.” It is ' signed, so far as this property is concerned, thus :
F. C. Ampt, for plaintiff
Corporation Counsel, for defendant.
Name of Owner. No. of Feet. No. of Lot. Side of Street.
James D. Parker. 350 1 South.
2
3
24
It will be seen that there is no representation here that lot 3 fronts one hundred and fifty feet on Gaff avenue. It may be open to the construction that the four lots signed for were that length on the avenue.. But in addition to this the evidence clearly shows that the city authorities did not rely on any representation made by the signers as to their ownership or frontage, but had a full examination made as to all of those matters, by their own engineer, and relied on the report made by him. Precisely the same kind of assessment was made on lots the owners of which did not sign the petition. There is no claim of estoppel here. The city was not induced to take the action it did by any act of plaintiff or the grantor. A like decree may be entered here as was rendered by the Superior Court.
Joseph W. O’Hara and Oliver B. Jones, for plaintiffs.
Edward Ritchie, Reuben Tyler, Dan. T. Wright and Von Seggern, Phares & Dewald, contra.